UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BERNA,<br><br>      Petitioner,<br><br>   v.<br><br>XAVIER BECERRA,<br><br>      Respondent. | Case No.  1:16-cv-00010-MJS (HC)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**<br><br>**CLERK TO ENTER JUDGMENT AND CLOSE CASE** |

Petitioner is a county inmate proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Xavier Becerra, the Attorney General of California, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.[1] Respondent is represented by Charity Seraph

---

[1] The rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name the "state officer having custody" of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254). This person typically is the warden of the facility in which the petitioner is incarcerated. Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Here, it does not appear that Petitioner is in state custody pursuant to the judgment of a state court. He completed his prison term for the conviction he challenges in this action. (Petition, ECF No. 1 at 5.) At the time of filing, he was on probation, although his probation term may have since concluded. (Petition at 7.) It is unclear whether his current detention at the Fresno County Jail has any relation to the challenged proceedings. That he is not incarcerated for this offense does not moot the petition, see Spencer v. Kemna, 523 U.S. 1, 8-12, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) (courts may presume that a criminal conviction has continuing collateral consequences sufficient to avoid mootness), but it does appear that there is no warden, jailer, or probation officer who would be a proper respondent. Accordingly, Xavier Becerra, the Attorney General of California, is hereby substituted as the properly named respondent. See Rule 2(b), Rules Governing Habeas Corpus Cases Under Section § 2254, 1975 advisory committee's note (when petitioner is not incarcerated or on probation or parole, proper respondent is the Attorney General).

Whitney of the Office of the California Attorney General. Both parties have consented to Magistrate Judge jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c). (ECF Nos. 4, 11.)

## I.   Procedural History

Petitioner is challenging a November 8, 2013 judgment of the Superior Court of California, County of Fresno, entered pursuant to Petitioner's plea of no contest to being a felon in possession of a firearm and admission of a prior strike conviction. Petitioner was sentenced to a negotiated prison term of two years eight months. (Lodged Doc. 1 at 107.)

On October 6, 2015, the California Court of Appeal, Fifth District, affirmed the judgment of conviction in a reasoned opinion. People v. Berna, No. F068377, 2015 WL 5826963 (Cal. Ct. App. Oct. 6, 2015). (Lodged Doc. 17.)

Petitioner filed a Petition for Review in the California Supreme Court on November 6, 2015, which was denied summarily on December 14, 2015. (Lodged Docs. 18-19.)

Petitioner filed the instant federal habeas petition on January 5, 2016. (ECF No. 1.) Respondent filed an answer to the petition on April 27, 2016. (Answer, ECF No. 18.) Petitioner did not file a traverse and the time for doing so has passed.

## II.   Factual Background[2]

> [Petitioner] was arrested for being a felon in possession of a firearm after agents from the Department of Justice searched the trailer where he lived and found a Mossberg 12–gauge pump action shotgun and a box of 12–gauge shotgun shells. [Petitioner] had a prior felony conviction, which prohibited him from possessing a firearm.
>
> [Petitioner] filed a motion to suppress the evidence and argued the search of his trailer was unconstitutional. After an evidentiary hearing, the court found [Petitioner] consented to

---

[2] The California Court of Appeal's summary of the facts in its October 6, 2015 opinion is presumed correct. 28 U.S.C. § 2254(e)(1).

> the search and denied the suppression motion. Thereafter, [Petitioner] pleaded no contest to being a felon in possession of a firearm (Pen.Code, § 29800, subd. (a)(1)), admitted one prior strike conviction, and was sentenced to two years eight months in prison based on a negotiated disposition.

People v. Berna, No. F068377, 2015 WL 5826963, at *1 (Cal. Ct. App. Oct. 6, 2015). (Lodged Doc. 17.)

**III.     Discussion**

   **A.     Jurisdiction**

Relief by way of a writ of habeas corpus extends to a prisoner under a judgment of a state court if the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered a violation of his rights under the Fourth Amendment of the U.S. Constitution. Petitioner was convicted in Fresno County in the Eastern District of California. 28 U.S.C. § 2241(d); 2254(a). The Court concludes that it has jurisdiction over the action.

   **B.     Legal Standard of Review**

Petitioner contends that the search and seizure that led to his conviction were unlawful and in violation of the Fourth Amendment. (Petition at 5.)

The Supreme Court has held that a federal district court cannot grant habeas corpus relief on the ground that evidence was obtained by an unconstitutional search and seizure if the state court has provided the petitioner with "an opportunity for full and fair litigation of a Fourth Amendment claim." Stone v. Powell, 428 U.S. 465, 494 (1976). See Newman v. Wengler, 790 F.3d 876, 881 (9th Cir. 2015) (noting Stone survived enactment of the AEDPA); Moormann v. Schriro, 426 F.3d 1044, 1053 (9th Cir. 2005). Thus, this Court may only determine whether Petitioner had a full and fair opportunity to litigate his claim, not whether the claim was correctly decided. Ortiz–Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996) ("The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did, in fact, do so, or even whether the

claim was correctly decided." (citations omitted)); see also Gordon v. Duran, 895 F.2d 610, 613 (9th Cir. 1990) (holding that because Cal. Penal Code § 1538.5 provides opportunity to challenge evidence, dismissal under Stone was necessary even when the petitioner never moved to suppress).

The court in Stone noted that the purpose of the exclusionary rule is to stop future unconstitutional conduct by law enforcement. 428 U.S. at 492. However, excluding evidence that is not untrustworthy creates a windfall to the defendant at a substantial societal cost. Id. at 489–90. Thus,

> in cases where a petitioner's Fourth Amendment claim has been adequately litigated in state court, enforcing the exclusionary rule through writs of habeas corpus would not further the deterrent and educative purposes of the rule to an extent sufficient to counter the negative effect such a policy would have on the interests of judicial efficiency, comity and federalism.

Woolery v. Arave, 8 F.3d 1325, 1326 (9th Cir. 1993).

### C. Analysis

Petitioner's Fourth Amendment claim was litigated through a fully-briefed suppression hearing in the trial court on January 29, February 7, March 13, March 20, and April 11, 2013. (Lodged Docs. 3, 6-8.) It also was litigated and addressed in Petitioner's direct appeal to the Fifth District Court of Appeal (Lodged Docs. 16, 17), and was raised in Petitioner's Petition for Review before the California Supreme Court (Lodged Doc. 18). Petitioner does not allege that he was denied the opportunity to litigate the claim in state court. He does not contend that any of these proceedings were inadequate or deficient. He alleges only that the issue was wrongly decided against him. The question of whether Petitioner's Fourth Amendment claim was decided correctly is not cognizable under Stone. His petition must be denied.

## V. Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain

circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the

merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that no reasonable jurist would find the Court's determination that Petitioner is not entitled to federal habeas corpus relief wrong or debatable, nor would a reasonable jurist find Petitioner deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## VI. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DENIED;
2. The Clerk of Court is directed to enter judgment and close the case; and
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  April 7, 2017                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE